IN THE UNITED STATES DISTRICTS COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

RACHEL HARBECK,

        Plaintiff,

v.

LINDA B. SMITH, Clerk,
Circuit Court for the City of Hampton, Virginia,

and

WILLIAM BOYLE, Esquire,

        Defendants.

Serve:  Linda B. Smith, Clerk
        101 Kings Way
        Hampton, Virginia 23669

        and

        William Boyle, Esquire
        Hampton Public Defender's Office
        12 West Queens Way
        Hampton, Virginia 23669

Case No.: _4:10-CV-140_
JURY DEMANDED



FILED
IN NEWPORTNEWS
OCT 2 8 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

## COMPLAINT

      Plaintiff, Rachel Harbeck, complaining of the Defendants by her attorneys, Kevin P. Shea and B. Carter Phillips, alleges as follows:

1. This is an action brought by the Plaintiff against the Defendants who, in their individual and representative capacities, illegally caused Rachael Harbeck to be imprisoned at the Hampton Roads Regional Jail, a correctional facility, for a period of eighty-five days after the Commonwealth Attorney's Office elected not to present a charge of threatening burn §18.2-83to the grand jury for indictment.

2.  The Plaintiff in this actions seeks money damages for violation of her rights, privileges and immunities secured under the Eighth, Fifth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

3.  The jurisdiction of this court arises under 28 U.S.C. §§ 1343(3)(4), 2201 and 2202.

4.  The Plaintiff is a citizen of the United States residing in Newport News, Virginia. From December 22, 2009, through March 16, 2010, those times being relevant to the causes of action pleaded herein, Plaintiff resided at the Hampton Roads Regional Jail, located in the City of Portsmouth, Virginia, within the territorial jurisdiction of this court.

5.  The Defendant, Linda B. Smith, is the elected Clerk of Court for the Circuit Court of the City Hampton, Virginia. Her office is located at 101 Kings Way Hampton, Virginia 23669.

6.  The Defendant, William Boyle, is a public defender in the City of Hampton, Virginia, who was appointed by the Court to represent Rachel Harceck on the charge of threatening to bomb §18.2-83. His office is located at 12 West Queens Way Hampton, Virginia 23669.

7.  On and before December 22, 2009, the Plaintiff was legally incarcerated at the Hampton City Jail and Hampton Roads Regional Jail pursuant to a warrant issued against her for threatening to burn §18.2-83

8.  The legal imprisonment of the Plaintiff expired on December 22, 2009, at which time Assistant Commonwealth's Attorney Charisse Mullen, notified both Defendants that the Commonwealth would not be indicting Plaintiff and that she should be released (see attached).

9.  As a result of the intentional conduct, the reckless conduct and/or the grossly negligent conduct of the Defendants herein, the Plaintiff was detained at the Hampton Roads Regional Jail beyond her release date. Plaintiff was held in custody at the Hampton Roads Regional Jail illegally and in violation of her constitutionally protected right to liberty until March 16, 2010, eighty-five days after her release date.

10. On December 22, 2009, Charisse Mullen, Assistant Commonwealth's Attorney, sent a letter to Defendant William Boyle, Esquire, attorney for Rachel Harbeck, which was copied to the Defendant clerk's office, asking that Ms. Harbeck be released of any bond in effect relating to the alleged charge of threatening to burn §18.2-83, which on December 22, 2009, had been certified to the grand jury; however, on December 22, 2009, after the case was certified for trial, the Commonwealth Attorney elected to not seek an indictment due to insufficient evidence. Various attempts were made on behalf of and by the Plaintiff to have her released; including the attached letter, which was sent to the Defendant clerk's office at least twice and at least two letters that the Plaintiff sent to her attorney, Defendant William Boyle, Esquire. On January 4, 2010, the Defendant clerk was again informed that the Plaintiff was not indicted (see attached); however the Plaintiff remained incarcerated when she should have, again, been released.

11. Continuing restraints of Plaintiff's liberty were entirely without probable cause or any sufficient legal excuse whatsoever and constituted false imprisonment. Defendant Linda B. Smith and Defendant William Boyle negligently failed to provide for the timely release of Plaintiff Rachel Harbeck.

12. Plaintiff was finally released from incarceration on March 16, 2010.  The Plaintiff spent eighty-five days in jail beyond her release date due to the negligence of the Defendants.

13. The Defendants, Linda B. Smith and William Boyle, were responsible for facilitating Rachel Harbeck's release in a manner consistent with the requirements of all relevant statutes and the United States Constitution.

14. The failure of the Defendants, Linda B. Smith and William Boyle, to properly implement the law has violated the Plaintiff's right under the State of Virginia and under the United States Constitution.

15. The Defendants, Linda B. Smith and William Boyle, were under an affirmative duty to properly secure the release of Plaintiff Rachel Harbeck.

16. Upon information and belief the failure of the Defendants, Linda B. Smith and William Boyle, to release the Plaintiff was occasioned by their total disregard,

whether intentional, reckless or grossly negligent in nature, of her claim that she should have been released.

17. As a result of the foregoing the Plaintiff was deprived of her right to be free of excessive punishment under the Eighth Amendment of the United States Constitution and the substantive and procedural due process guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution.

18. The foregoing actions constitute willful and wanton conduct and demonstrate such recklessness as to evince a conscious disregards for the safety of others.

WHEREFORE, Plaintiff demands judgment, both jointly and severally, for the deprivation of her civil rights in the sum of Two Million Dollars ($2,000,000.00) and Three Hundred Fifty Thousand Dollars ($350,000.00) in punitive damages for the willful and wanton conduct of defendants in addition to the costs and disbursements of this action along with reasonable attorney fees for the prosecution thereof.

Respectfully submitted,

By: _____

Kevin P. Shea, Esq.
VSB No.: 8933
Attorney for Plaintiff
34 W. Queens Way
Hampton, VA  23669
(757) 727-7767 (Telephone)
(757) 722-2484 (Facsimile)
kevinpshea@justice.com


B. Carter Phillips, Esquire
VSB No.: 29890
Attorney for Plaintiff
34 West Queens Way
Hampton, VA 23669
757-870-4939 (Telephone)